# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RODNEY JOE FILLMORE, )
)
        Plaintiff, )
)
v. ) Case No. 09-4102-KGS
)
CITY OF OSAGE CITY, KANSAS )
*a Municipal Corporation*, *et al.*, )
)
        Defendants. )

## **ORDER**

This matter comes before the court upon Plaintiff's Motion for Reinstatement of Plaintiff's Claim Against Defendant April Thompson (ECF No. 52). For the reasons explained below, plaintiff's motion is denied.

### I.    Background

On November 30, 2009, District Judge Richard D. Rogers granted Larry and April Thompson's motion to dismiss. Ms. Thompson contacted authorities after spotting Mr. Fillmore's vehicle briefly stopped in front of her home. Police subsequently pulled over Mr. Fillmore and arrested him for obstruction for incidents that allegedly occurred during the stop. Judge Rogers found that plaintiff's complaint did not state a claim for false arrest against the Thompsons. He cited several cases for the proposition that a defendant cannot be held liable for making an honest statement of facts to the authorities, avoiding any directive to arrest, and allowing the authorities to use their own judgment as to whether to make an arrest.[1] On January 12, 2010, Judge Rogers denied plaintiff's motion for reconsideration of the dismissal order and

---

[1] Order at 4, ECF No. 25 (citing; *Kelly v. Bank Midwest, N.A.*, 161F. Supp. 2d 1248, 1259 (D. Kan. 2001); *Smith-Utter v. Kroger*, No. 07-1213-EFM, 2009 WL 790183, at *6 (D. Kan. Mar. 24, 2009); *Palton v. Swift-Erich*, No. 99-2466-GTV, 2000 WL 1715297, at *1 (D. Kan. Nov. 9, 2000)).

declined to certify an interlocutory appeal. He stated, "In the court's view, identifying a 'suspicious' person to the police and further identifying the person's car, is not assisting in a false arrest when there is no directive to arrest and when the officers making the arrest use their own judgment and discretion."[2] On May 28, 2010, plaintiff filed the instant motion for "reinstatement" of the claim against Ms. Thompson, and on June 16, 2010, the remaining parties to this litigation consented to jurisdiction by U.S. Magistrate.

## II. Discussion

Plaintiff's argues that the court should "reinstate" his claim against Ms. Thompson because she instigated, assisted, or by some means directed or encouraged an unlawful seizure. Plaintiff points to Ms. Thompson's deposition testimony in support of his theory. However, the testimony cited by plaintiff does not show that Ms. Thompson directed the officers to arrest Mr. Fillmore or that her statements to the police were not honest statements of fact. Moreover, Judge Rogers' ruling outlined why plaintiff's complaint *failed to plead* sufficient facts to state a claim against Ms. Thompson. It does not follow that the undersigned would allow plaintiff to assert the same factually deficient claims that were previously dismissed.

Moreover, in plaintiff's instant motion, he continues to make essentially the same arguments twice considered and rejected by Judge Rogers—first when ruling on the Thompsons' motion to dismiss and second when deciding plaintiff's motion to reconsider. The undersigned rejects plaintiff's arguments for the same reasons set forth by Judge Rogers and because the testimony plaintiff cites does not support his contention that Ms. Thompson somehow assisted or directed the officers to arrest him. At most, the record shows Ms. Thompson identified Mr.

---

[2] Order at 1, ECF No. 41.

Fillmore's vehicle to police and indicated it was the vehicle she saw parked in front of her home. The undersigned shares Judge Rogers' view that identifying a "suspicious" person to the police and further identifying the person's car is not assisting in a false arrest when there is no directive to arrest and when the officers making the arrest use their own judgment and discretion.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reinstatement of Plaintiff's Claim Against Defendant April Thompson (ECF No. 52) is hereby denied.

**IT IS SO ORDERED.**

Dated this 25th day of March, 2011, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge